*Ex parte* PEOPLE'S LOAN & HOMESTEAD ASS. OF JOLIET.*

*Filed at Ottawa October 29, 1894.*

The question in these cases is precisely the same as that considered in *People's Loan and Homestead Ass. of Joliet* v. *Keith, ante,* 609, and the decision in that case must govern these.

Heard on certification from the Auditor of Public Accounts, on appeal from Will county.

Mr. A. O. MARSHALL, Messrs. HALEY & O'DONNELL, Mr. R. E. BARBER, Mr. C. W. BROWN, Mr. JULIUS STERN, and Mr. GEORGE F. McNULTY, for the appellants.

Mr. M. T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD, Mr. M. L. NEWELL, and Messrs. HILL, HAVEN & HILL, for the appellee.

Per CURIAM: These four cases present the same questions, and by agreement of counsel they are consolidated, to be considered as one case under the record in the case of *Ex parte People's Loan and Homestead Association.* The

---

*\*Ex parte Joliet Loan and Building Ass., Ex parte Mutual Loan and Building Ass., Ex parte Borrowers' and Investors' Building and Loan Ass.,* with the above case, by agreement were heard as one case.

following is a statement of the facts of that case, which is equally applicable to each of the others:

The assessor of the town of Joliet made an assessment against appellant for a large amount upon its credits and other property. Appellant appeared before the town board of review and objected to the assessment, on the ground that the property assessed was exempt by law. This objection being overruled, it appealed to the county board. The county board set aside the entire assessment of the town of Joliet on the ground that it was too high, as compared with the rest of the county. A new assessment was ordered, and a review committee appointed to act on such new assessment, the new assessment being made after the fourth Monday in June. The assessor returned a new assessment against appellant, amounting to $150,085, of which $85 was upon office furniture and $150,000 upon "credits other than bank, banker, broker or stock jobber." Appellant and some of its individual stockholders appeared before the review committee of the county board and objected to this new assessment. The county board refused to change the assessment, and appellant took an appeal to the State Auditor, who has certified the case to this court.

The only ground upon which the assessment is questioned is, that the property assessed is exempt from taxation under section 11 of the Homestead Loan Association act. The reply of the county board is, that said section 11 is unconstitutional and void. The question in these cases is therefore precisely the same as that considered and decided in *People's Loan and Homestead Association* v. *Keith, ante,* 609. For the reasons stated in the opinion filed in that case the decision of the county board in each of the above entitled cases will be affirmed.

*Decision affirmed.*